**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**WARREN D. FRIDAY, # 43982**                                                          **PLAINTIFF**

**vs.**                                        **CIVIL ACTION NO.: 1:12cv162-MPM-SAA**

**NATHEN BLEVEN**                                                                             **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court, sua sponte, for consideration of dismissal. Plaintiff, an imate currently in the custody of the Mississippi Department of Corrections, filed this pro se complaint pursuant to 42 U.S.C. § 1983, complaining that his probation was wrongfully revoked. After carefully considering the pro se complaint and exhibits filed by Plaintiff, and giving the complaint liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court concludes that the instant complaint should be dismissed, for the reasons that follow.

**Relevant Facts**

Plaintiff was on post-release supervision after having been found guilty of the crime of taking of a motor vehicle when he was subsequently charged with and convicted of aggravated assault. As a result, his post-release supervision was revoked on November 20, 2009, and he was ordered to serve a term of five years in the custody of the Mississippi Department of Corrections, with the sentence to run consecutively with the other sentences he was serving at the time.[1] Plaintiff filed suit under § 1983 claiming that his revocation proceedings occurred without advance knowledge to him, that his attorney was ineffective, that it was not proved that he

---

[1] Plaintiff had been convicted of two separate offenses, one of which was the aggravated assault charge, at the time of his revocation hearing. (*See* doc. entry no. 5-1).

1

violated the conditions of his supervised release, and that the mind-altering drugs he was taking at the time of the hearing should have required the judge to send him to the hospital instead of jail. He seeks punitive damages in the amount of $1,000,000 for the alleged wrongful revocation.

## Law and Discussion

Because Plaintiff is a prisoner who has brought suit under § 1983, the Court must first consider whether judgment in his favor would imply the invalidity of his revocation proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Suprme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose lawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 486-87. Since revocation proceedings call into question the validity of his post-release revocation, Plaintiff must meet *Heck*'s requirements of demonstrating that his conviction or sentence has been invalidated. *See, e.g.*, *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995) (applying *Heck* to claim that, if resolved in plaintiff's favor, would imply invalidity of the revocation of plaintiff's probation and parole).

Plaintiff is currently in custody and has not demonstrated that the sentence imposed upon him as a result of his revocation hearing has been invalidated in State or federal court.[2]

---

[2] Plaintiff has filed a federal habeas petition pursuant to 28 U.S.C. § 2254 challenging his revocation. The matter is pending before the Court in Cause No. 1:12cv85-SA-JMV.

Therefore, he fails to state a cause of action under § 1983 for a claim that his post-release supervision was wrongfully revoked. *See McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (holding that if plaintiff does not allege "that the sentence imposed as a result of the revocation proceedings has been invalidated by a state or federal court . . . [his] complaint does not state a § 1983 cause of action").

It is, therefore **ORDERED** that Plaintiff's claims are hereby **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a strike under § 1915(g). All pending motions are **DISMISSED**. A final judgment in accordance with this opinion and order will be entered today.

**THIS** the 24th day of August, 2012.

Michael P. Mills
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
